IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
MALINDA S. JONES,               )
                                )
                                )
     Plaintiff,                 )
                                )
v.                              )   No. 12-3016
                                )
ACCREDO HEALTH GROUP, INC.,     )
                                )
                                )
                                )
     Defendant.                 )
                                )
                                )
```

**ORDER DENYING MOTION TO STRIKE**

Before the Court is Defendant Accredo Health Group, Inc.'s ("Accredo Health") January 17, 2013 Motion to Strike. (Def.'s Mot. to Strike, ECF No. 7) (the "Motion.") Accredo Health seeks to strike any reference to the Equal Employment Opportunity Commission's ("EEOC") reasonable cause finding as impertinent and immaterial. Plaintiff Malinda Jones ("Jones") responded on January 31, 2013. (Resp. in Opp. to Def.'s Mot., ECF No. 9.) Accredo Health replied on February 12, 2013. (Rep. to Resp., ECF No. 12.) For the following reasons, Accredo Health's Motion is DENIED.

**I.   Background**

Jones is suing Accredo Health for violations of the Americans with Disability Act Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101, et seq. Jones suffers from Muscular Dystrophy, a degenerative muscle disease that damages the musculoskeletal system. (Compl. ¶ 9, ECF No. 1.) Accredo Health allegedly refused to hire and/or provide Jones with reasonable accommodations when she sought employment as a pharmaceutical technician ("PT"). (Id. ¶¶ 9-33.) Jones prays for injunctive relief, damages, and an order compelling Accredo Health to hire her as a PT and provide reasonable accommodations. (Id. at 6.)

On August 22, 2012, the EEOC issued a Notice of Right to Sue with a finding of reasonable cause to believe that violations of the ADAAA had occurred (the "EEOC finding"). (Id. ¶ 8); (see also Notice of Right to Sue, ECF No. 1-4.) Relying on Rule 12 of the Federal Rules of Civil Procedure and Sixth Circuit precedent, Accredo Health argues that all references to the EEOC finding should be stricken as impertinent and immaterial. Jones argues that Accredo Health's argument is premature; the exclusion of EEOC determinations, Jones argues, is an evidentiary decision made on a case-by-case basis.

II. **Standard of Review**

"The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "It is well settled that motions to strike are

2

disfavored and should be granted only when the allegations being challenged are so unrelated to the plaintiff's claim as to be unworthy of any consideration . . . and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Zampieri v. Zampieri, No.: 3:08-CV-290, 2009 U.S. Dist. LEXIS 92152, at *6 (E.D. Tenn. Sept. 30, 2009) (internal citation and quotation marks omitted); see also Anderson v. United States, 39 F. App'x 132, 135 (6th Cir. 2002) (Rule 12(f) should be "resorted to only when required for the purpose of justice" and when "the pleading to be stricken has no possible relation to the controversy") (internal citation and quotation marks omitted). The party seeking to strike bears the burden of providing "the Court any reason why [the] language is immaterial, impertinent, or scandalous." Copeland v. Hussmann Corp., 462 F. Supp. 2d 1012, 1023 n.11 (E.D. Mo. 2006).

**III. Analysis**

Accredo Health argues that the EEOC finding is impertinent and immaterial. Accredo Health relies on Sixth Circuit precedent that an "EEOC cause determination carries an evidentiary value of practically zero" and that a court "should be free to adopt a general rule that refuses to admit these cause determinations in any sort of trial, whether to the court or a jury." See EEOC v. Ford Motor Co., 1996 U.S. App. LEXIS 26263, at *24, 37 (6th Cir. Sept. 30, 1995); see also Sails v.

3

Rockwell Automation, No. 2:12-cv-02220-STA-cgc (W.D. Tenn. June 6, 2012) (Claxton, M.J.). Jones argues that the Motion should be denied because: (1) the relevance of the EEOC finding is an evidentiary issue that should be considered on a case-by-case basis; (2) Accredo Health will not be prejudiced by denying the Motion; and (3) the EEOC finding is not asserted as a factual averment, but rather as a necessary statement establishing that she has exhausted her administrative remedies.

Impertinent and immaterial are terms of art. Immaterial claims "are those lacking essential or important relationships to the claim for relief." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480 ERW, 2009 U.S. Dist. LEXIS 28977, at *6 n.3 (E.D. Mo. Apr. 6, 2009) (citation omitted). "Impertinent claims are those that do not pertain to the issues in question." Id. (citing Resolution Trust Corp., 870 F. Supp. 962, 977 (E.D. Mo. 1994)).

"'In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.'" Slicker v. Southwest Airlines, No. 2:09-CV-11217, 2009 U.S. Dist. LEXIS 103218, at *14 (E.D. Mich. Sept. 23, 2009) (quoting Lipsky v. Commonwealth United Corporation, 551 F.2d 887, 893 (2d Cir. 1976)); see also Hyland v. Homeservices of

4

America, Inc., No. 3:05-cv-612-R, 2007 U.S. Dist. LEXIS 47503, at *1 (W.D. Ky. June 28, 2007)). Evidentiary questions "should especially be avoided at such a preliminary stage of the proceedings." Slicker, 2009 U.S. Dist. LEXIS 103218, at *14 (citation and quotation marks omitted). If material is stricken on admissibility grounds, the complaint should be "pruned with care." Id. (citation and quotation marks omitted).

Accredo Health seeks to strike the following:

> 7.   On May 24, 2010, Ms. Jones filed a charge of disability discrimination against Defendant Accredo with the [EEOC]. The charge – attached hereto as Exhibit 1 – was filed within three hundred (300) days after the alleged unlawful employment practice occurred.
>
> 8.   On August 22, 2012, the EEOC issued a Notice of Right to Sue (Conciliation Failure) with a finding of reasonable cause to believe that violations of the ADAAA occurred.

(Compl. ¶¶ 7-8.)

Accredo Health argues that Sails, a case from this district, supports striking all references to the EEOC finding. In Sails, the court struck portions of the following language:

> 11. Plaintiff thereafter received a Notice of Right to Sue within 90 days from the U.S. Equal Employment Opportunity Commission dated February 1, 2012, <u>in which the EEOC determined that there was reasonable cause to believe that violations of the statute occurred</u> which she received three days later on February 4, 2012.
>
> . . .

5

> 19. After a complete investigation the EEOC determined that Plaintiff's pay is unequal to her male counterparts and issued a finding that there is reasonable cause to believe Rockwell violated the statute.

Sails, No. 2:12-cv-02220-STA-cgc, at 2 (emphasis in original). The court struck Paragraph 19 in its entirety and the underlined portion of Paragraph 11 because an "'EEOC cause determination carries an evidentiary value of practically zero.'" Id. at 2-3 (quoting Ford Motor Co., 1996 U.S. App. LEXIS 26263, at *37).

The court in Sails relied on Ford Motor Co., a case in which the Sixth Circuit addressed whether it was permissible for a district court "to institute a blanket rule [excluding EEOC case determinations]." See Ford Motor Co., 1996 U.S. App. LEXIS 26263, at *25. The Sixth Circuit concluded that a district court could adopt a blanket rule because "EEOC cause determination[s] . . . present[] evidence of discrimination that the EEOC considered," which "[p]resumably . . . [w]ould be adduced at trial." Id. at *26-27. In other words, EEOC cause determinations are often excluded on grounds of redundancy, not relevancy. Id. at *27 ("Much of that same evidence could be adduced at trial, and therefore the admission of the EEOC cause determination referencing it would be redundant.").

The court did not overrule or call into question Weems v. Ball Metal and Chem. Div., 753 F.2d 527, 528, n.1 (6th Cir. 1985), in which the Sixth Circuit concluded that an EEOC cause

6

determination "in the sound discretion of the trial court, may be admitted into evidence." Indeed, Ford Motor Co. discusses Weems, concluding that, although there is no per se rule in favor of admissibility, district courts are free to adopt a general rule of inadmissibility. See Ford Motor Co., 1996 U.S. App. LEXIS 26263, at *25-26. The court's statements in Ford Motor Co., combined with a district court's discretion in evidentiary matters, suggest that the admissibility of EEOC cause determinations can occur on a case-by-case basis. See Jordan v. Krystal Co., 1:09-CV-142, 2010 U.S. Dist. LEXIS 109159, at *3 (E.D. Tenn. Oct. 12, 2010) (citing Wright v. Columbia Sussex Corp., No. 3:06-CV-190, 2008 U.S. Dist. LEXIS 28096, at *1 (E.D. Tenn. Apr. 7, 2008)).

Allegations about the EEOC finding should not be stricken. Accredo Health essentially asks the Court to make a preliminary evidentiary ruling before the parties have had an opportunity to conduct discovery or gather their most effective evidence. Evidentiary questions "should especially be avoided at such a preliminary stage of the proceedings." Slicker, 2009 U.S. Dist. LEXIS 103218, at *14 (citation and quotation marks omitted). Jones' allegations about the EEOC finding are relevant and not prejudicial because the finding is contained in a right-to-sue letter from the EEOC, the receipt of which "is a condition precedent to filing a Title VII action." Rivers v. Barbeton Bd.

of Educ., 143 F.3d 1029, 1031 (6th Cir. 1998). As trial approaches and the parties' proof develops, Accredo Health may seek a direct ruling on the admissibility of the EEOC finding by moving in limine for its exclusion.

**IV. Conclusion**

For the foregoing reasons, Accredo Health's Motion is DENIED.

So ordered this 10th day of April, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
